AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) |
|---|---|
| v. | ) |
| Jaime Lopez | ) Case No. 24-743 MJ |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAY 23 2024

MITCHELL R. ELFERS
CLERK OF COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 21, 2024__ in the county of __Dona Ana__ in the
_____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) | Possession of a controlled substance with the intent to distribute (fentanyl) |
| 18 U.S.C. § 924(c) | Possession of a firearm in furtherance of drug trafficking |
| 18 U.S.C. § 922(g)(1) | Possession of a firearm by a felon |

This criminal complaint is based on these facts:
See attached "Affidavit"

☒ Continued on the attached sheet.

*Complainant's signature*

Isaac Renteria Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.
  - by telephone.  JHR

Date: May 23, 2024

*Judge's signature*

City and state: Las Cruces, New Mexico

Jerry H. Ritter, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

1. This affidavit is made in support of a criminal complaint charging Jaime Lopez (Lopez), with violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Possession with the intent to distribute a controlled substance (fentanyl), 18 U.S.C. § 924(c), Possession of a firearm in furtherance of drug trafficking, and 18 U.S.C. § 922(g)(1), Possession of a firearm by a felon.

2. I am a Federal Bureau of Investigation (FBI) Task Force Officer (TFO) currently assigned to the FBI Southern New Mexico Safe Streets Gang Task Force (SSGTF). I have been an FBI TFO since March 2024. Since December 2023, I have been assigned to the Las Cruces/Dona Ana County Metro Narcotics Agency. I have also been employed by the Las Cruces Police Department (LCPD) since 2018. As an FBI TFO, I am authorized to investigate crimes involving violations of the Controlled Substances Act and the Firearms Act.

3. I am familiar with the facts and circumstances of the investigation of Lopez. The information set forth in this affidavit has been derived from my own investigation or communicated to me by other sworn law enforcement officers or reliable sources. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Lopez has violated 21 U.S.C. § 841(a)(1) and (b)(1)(B), 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g)(1).

4. The FBI SSGTF and Las Cruces/Dona Ana County Metro Narcotics (Metro Narcotics) are currently investigating Lopez and other members of the Cruces Boys gang for involvement in

violent crime, drug trafficking, the illegal possession of firearms, and other illegal activity in Las Cruces, NM and elsewhere in Dona Ana County, NM.

5. On May 21, 2024, FBI SSGTF Task Force Officers (TFOs) and Metro Narcotics agents located a vehicle suspected to occupied by a subject of the investigation (hereinafter referred to as F1) that currently had a state search warrant for their person. A Metro Narcotics marked unit activated emergency lights in an attempt to conduct a traffic stop of the vehicle pursuant to the search warrant. The vehicle occupied by F1 then fled at a high rate of speed and the officer did not pursue for public safety reasons. Agents observed that the vehicle was driven by a male individual.

6. Based on the physical surveillance by agents and confidential source reporting, TFOs and agents learned that the vehicle was recently purchased by Lopez. Based on the ongoing investigation, TFOs and agents were also aware of Lopez's suspected involvement in drug distribution and the illegal possession of firearms.

6. Approximately three hours later, TFOs and agents relocated the same vehicle in Las Cruces, NM. TFOs and agents conducted surveillance of the vehicle and followed the vehicle to a parking lot of a public establishment off of N Main St in Las Cruces, NM. Agents observed Lopez, F1 and one other individual exit the vehicle and enter the public establishment. Shortly thereafter, Lopez, F1 and the other individual exited the public establishment. FBI TFOs and Metro Narcotics agents attempted to detain Lopez and F1 as they walked through the parking lot. Lopez then fled on foot and was observed throwing an object before being detained by TFOs and agents. Agents later learned that Lopez had an outstanding arrest warrant for failure to appear.

7. Once Lopez was detained, TFOs and agents recovered the object thrown by Lopez which was later found to be light blue colored "M30" pills (suspected fentanyl). The suspected

fentanyl laced pills were later weighed and had a total gross weight of approximately 69 grams (approximately 690 pills) and field tested presumptively positive for the presence of fentanyl. Based on my training and experience and conversations with trained Metro Narcotics agents, I am aware that the amount of suspected fentanyl that was seized by agents from Lopez is a quantity of fentanyl consistent with that possessed for the purpose of distribution.

8. Lopez was interviewed on scene by FBI TFOs. In a post-*Miranda* statement, Lopez admitted that he fled from the marked unit earlier and again on foot from agents because he was aware he had an arrest warrant and did not want to get arrested. Lopez admitted that he threw the suspected fentanyl pills because he did not want to get caught with the fentanyl pills. Lopez also admitted to agents that he was in possession of a Canik handgun inside of the vehicle. Lopez stated that he had the handgun for protection from people in the United States and in Mexico. Lopez admitted that he used to reside in Ciudad Juarez, Mexico, selling drugs and he has the firearm for protection from his previous associates. Based on my training and experience, I know that it is common for people who are engaged in drug trafficking to carry a firearm in order to protect their drugs and drug proceeds.

9. A Metro Narcotics agent obtained a state of New Mexico District Court search warrant for the vehicle driven by Lopez. During a search of the vehicle, TFOs and agents located and seized a tan colored Canik Arms METE MC9 handgun, 9mm caliber, from a backpack in the vehicle. Agents checked the serial number for that firearm in NCIC and learned that the firearm had been reported stolen in February 2024.

10. I am aware that Lopez has been previously convicted of at least one felony offense. In 2005, Lopez was charged and later convicted of murder in the second degree (a second degree felony) and conspiracy to commit second degree murder (a third degree felony). Therefore, by

federal law under 18 U.S.C. § 922(g)(1), Lopez is prohibited from handling or possessing a firearm or ammunition. There is probable cause to believe Lopez was aware of his status as a prohibited person (felon) due to his attorney being present for his judgement and sentencing.

11. Based on my training and experience, and in consultation with trained Special Agents of the Federal Bureau of Investigation (FBI), it is my understanding that Canik firearms are not manufactured in the state of New Mexico. According to the company's website, Canik firearms are manufactured in Turkey. Therefore, the Canik handgun that Lopez was found in possession of had traveled in interstate commerce in order to be present in the state of New Mexico.

12. Based on the foregoing, there is probable cause to believe that Jaime Lopez committed violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Possession with the intent to distribute a controlled substance (fentanyl), 18 U.S.C. § 924(c), Possession of a firearm in furtherance of drug trafficking, and 18 U.S.C. § 922(g)(1), Possession of a firearm by a felon.

13. Assistant United States Attorney Maria Armijo approved the charges filed in this criminal complaint.

DATED: 5/23/24

Isaac Renteria
Task Force Officer
Federal Bureau of Investigation

Electronically signed and telephonically sworn this 23rd day of May 2024.

UNITED STATES MAGISTRATE JUDGE